IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. SPENCER, | : | No. 4:CV 06-0174 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| ANDREW S. ERISTOFF, Commissioner, | : | |
| and MICHAEL HENDRICK, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### August 11, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Defendants Andrew S. Ersitoff and Michael

Hedrick's Motion to Dismiss (doc. 16) filed on June 12, 2006.

For the following reasons, the Motion (doc. 16) shall be granted.

## FACTUAL BACKGROUND:

On or about July 7, 2003, the New York State Department of Tax and

Finance ("NYSDTF") issued to Plaintiff David F. Spencer ("Plaintiff" or

"Spencer") a Notice and Demand for Payment of Tax due in the amount of

$2,850.00. The tax deficiency resulted from Plaintiff's failure to file New York

state income tax returns for tax periods ending on December 31, 1997, December

1

31, 1999 and December 31, 2000. (Rec. Doc. 16, Declaration of Michael Glannon

at 3). During the aforementioned tax years, Plaintiff maintained a residence at 131

E. Prospect Avenue, Mount Vernon, New York. (Rec. Doc. 1, Ex. B). For each of

the years in which Plaintiff failed to file New York state income tax returns,

penalties were assessed in the amount of $950 pursuant to N.Y. Tax Law § 685(i).

(Rec. Doc. 16, Glannon Dec. at 3).

On or about February 19, 2004, the NYSDTF issued a Tax Warrant against

Plaintiff in the amount of $2,955.93. The Warrant was entered by the Albany, New

York, County Clerk on May 7, 2004. (Rec. Doc. 1, Ex. A). Thereafter, income

execution warrants were served upon, among others, Plaintiff's then-present

employer, Rent-A-Center, Inc. (Rec. Doc. 1, Ex. B). On December 14, 2005,

Plaintiff returned a copy of the execution warrant to the NYSDTF along with a

letter addressed to the NYSDTF in which he advised that he was returning the

"presentment WITHOUT DISHONOR since he ha[d] no . . . State income tax

liablity." (Rec. Doc. 1, Ex. A).

In the December 14, 2005 letter, Plaintiff objected to the income execution

warrants on the grounds that they failed to comport with various provisions of

Articles 1, 2, and 3 of the Uniform Commercial Code ("UCC") and somehow

sought to induce him by fraud to accept an incomplete instrument. (Rec. Doc. 1,

2

Ex. A).  In the letter, Plaintiff admonished the NYSDTF:


## YOU HAVE 30 DAYS WITH WHICH TO COMPLY, FROM RECEIPT OF THIS CERTIFIED MAIL.  UCC1-201(10).

A lack of response on your part means fault, UCC1-201(16) exists, creating fraud through material misrepresentation which vitiate all forms, contracts, agreements, etc., express or implied, from the beginning, UCC 1-103.  Your presentments are fraudulent and unconscionable UCC-1302 and are discharged, UCC3-601(a) without resort to a commercial tribunal.

Failure on your part to vacate the presentments of your demand will result in me pressing criminal charges under 26 US 7214 and 241 and 424 of Title 18 Criminal) for theft by deception, duress, coercion, fraud by inducement, material misrepresentations, malfeasance of office under color of law and extortion using the mail system.  There is **no immunity** when they deal in commercial paper.

(Rec. Doc. 1, Ex. A).  NYSDTF allegedly did not respond to Plaintiff's letter and

this lawsuit ensued.

In the complaint, Plaintiff alleges that the Defendants were:

served a Uniform Commercial Code document via certified mail return receipt (see Exhibit A attached copies) upon which he was given thirty (30) days to respond.  A lack o response by the Commissioner indicates fault under UCC1-201(16) exists, creating fraud through material misrepresentation thus vitiating all forms, contracts, agreements, etc., express or implied, from the beginning, UCC 1-103.

(Rec. Doc. 1 at 2).  Plaintiff's complaint appears to allege that because the

NYSDTF did not respond to his December 14, 2005 letter, that the Plaintiff was

3

absolved of all outstanding liability he has to NYSDTF.

Further, Plaintiff's requested relief is for this Court to find "Commissioner Eristoff & M. Hendrick guilty as charged of all title violations and sentenced accordingly. Also all UCC violations to be recognized and affirmed." (Rec. Doc. 1 at 2).

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d4 310 (3d Cir. 1986).

**DISCUSSION**:

The Defendants present four arguments favoring dismissal of the complaint. We shall address the merits of each of the Defendants' arguments in turn.

### A.   Improper Service of Process

The Defendants argue that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because Plaintiff failed to effect proper service of process. Defendants argue that Plaintiff's service of the summonses and complaint upon the Defendants by certified mail was insufficient to confer personal jurisdiction over either Defendant in this action.  Plaintiff purports to have served process in this action by enclosing copies of the summonses directed to each Defendant together with copies of the complaint in a single envelope that was addressed and mailed to Defendant Eristoff.   (Rec. Doc. 16, Glannon Dec. at 2; Rec. Doc. 1, Ex. A).

Service of process is governed by Fed. R. Civ. P. 4.  Rule 4 provides that apart from effecting personal service upon a defendant,

> service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

Fed. R. Civ. P. 4(e).  Consequently, service must be made in a manner authorized

by either Pennsylvania or New York law.

Pennsylvania law does not permit service to be made by mail. <u>See</u>
<u>Goodrich v. Wilcox</u>, 2005 U.S. Dist. LEXIS 43036, *5 (M.D. Pa. 2005); <u>see also</u>
Pa. R. Civ. P. 402.  Under the laws of New York, service upon an individual by
certified mail is not permitted. <u>See</u> N.Y. Civ. Prac. L. & R. ("CPLR") § 312-a(a).
State officials sued solely in an individual capacity may be served by certified
mail, however such service must comply fully with the strictures of CPLR § 307
in order to be effective.  Among other things, CPLR § 307(2) requires the
envelope containing the summons and complaint be affixed with the term
"URGENT LEGAL MAIL." <u>See</u> <u>Moogan v. New York State Dept. Of Health</u>, 8
A.D.3D 68 (1st Dept. 2004)("[t]he statute expressly states that such service 'shall
not be effective' without this legend, clearly establishing it as a jurisdictional
requirement.").

CPLR § 307(2) further requires that personal service be made upon the
State pursuant to CPLR § 307(1), by delivering a copy of the summons and
complaint to the Office of the New York State Attorney General, in addition to
sending the summons and complaint to the state official by certified mail. <u>See</u>
<u>Hilaire v. Dennison</u>, 24 A.D.3d 1152(3rd Dept. 2005).

In the instant case, the envelope containing the summonses and complaint

was sent by certified mail to Defendant Eristoff. However, the mailing envelope clearly did not bear the "URGENT LEGAL MAIL" legend. (Rec. Doc. 16, Ex. A). Moreover, there is no record that the New York State Attorney General was personally served with copies of the summonses and complaint. (Rec. Doc. 16, Declaration of Douglas J. Goglia at 2.).

It is apparent that Plaintiff failed to effect service of process upon the Defendants as prescribed by Fed. R. Civ. P. 4(e) because service of summonses and complaint via certified mail addressed to Defendant Eristoff, without more, was not sufficient to confer personal jurisdiction upon either Defendant.

Furthermore, as Defendants properly contend, Plaintiff cannot assert that service was proper under Fed. R. Civ. P. 4(d). Rule 4(d) allows a plaintiff to request that a defendant waive service of process by following the procedures set forth in the Rule. Rule 4(d) requires that a plaintiff requesting waiver of service provide a defendant, by First-Class mail, a notice and request, which informs the defendant, "by means of a text prescribed in an official form . . .of the consequences of compliance and of a failure to comply with the request." Fed. R. Civ. P. 4(d)(2)(D). If a plaintiff does not receive a waiver pursuant to Rule 4(d), the plaintiff is obligated to serve defendant in a manner otherwise consistent with the Federal Rules of Civil Procedure.

7

In this case, Plaintiff apparently did not attempt to seek a waiver of service from the Defendants because no notice and request form was included in the envelope containing the summonses and complaint. (Rec. Doc. 16, Glannon Dec. at 2). Therefore, Plaintiff was required to effect service appropriately under Rule 4(e), which, as aforementioned, he failed to do. Accordingly, because the Plaintiff failed to obtain personal jurisdiction over the Defendants, the complaint shall be dismissed.

### B.   Subject Matter Jurisdiction

The Defendants argue that the complaint should be dismissed because this Court lacks subject matter jurisdiction over this action.

Congress has authorized the federal courts to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This type of subject matter jurisdiction is commonly referred to as "federal question" jurisdiction. 28 U.S.C. §1332(a) authorizes the federal courts to exercise diversity jurisdiction over actions where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

In this action, Plaintiff purports to bring claims arising out of the UCC. The UCC, as enacted by either Pennsylvania or New York, is a state law. See 13

8

Pa. Const. Stat., Article 11.; N.Y. U.C.C. (McKinney 2001 & Supp. 2006).

Further, although the parties are of diverse citizenship, with the Plaintiff residing

in Pennsylvania and the Defendants having New York citizenship, the amount in

controversy, approximately $2,955.93, is far below the $75,000.00 threshold.

Consequently, it is clear that both federal question and diversity jurisdiction are

lacking and accordingly, this action shall be dismissed for lack of subject matter

jurisdiction.

### C.   Failure to State a Claim Upon Which Relief may be Granted

The Defendants argue that, even liberally construed, the complaint fails to

state any claim upon which relief may be granted and should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6).  The essence of Plaintiff's claim is that the

one of the Defendants was required to respond to his December 14, 2005 letter,

and their failure to do so gave rise to a cause of action under the UCC.  Plaintiff's

pleading further alleges that the Defendants' failure to respond gave rise to fraud,

however the Plaintiff does not meet, by any stretch of the imagination, the

heightened pleading requirements for claims of fraud, as set forth in Fed. R. Civ.

P. 9(b).  It is clear that the alleged failure of the Defendants to respond to

Plaintiff's rambling and, at times, incomprehensible letter, neither obviated

Plaintiff's New York tax obligations, amounted to fraud, or gave rise to a federal

cause of action.  Accordingly, the complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### D.    Eleventh Amendment Immunity

As a failsafe, the Defendants argue that each of them are entitled to Eleventh Amendment Immunity because they are sued in their official capacities. The Eleventh Amendment recognizes the principle of sovereign immunity of the States, providing that:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  Immunity extends not only to the states, but to state agencies and officers who act on behalf of the state.  See Puerto Rico Aqueduct & Sewer Authority v. Metcalf, 506 U.S. 139, 142-147(1993).

As Defendants correctly posit, the Plaintiff's complaint takes issue with the Defendants' performance of their official duties while serving respectively as the Commissioner of the NYSDTF and as a NYSDTF Tax Representative. Accordingly, even if Plaintiff had stated a claim upon which relief could be granted in his complaint, the Defendants would be immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

## CONCLUSION:

Accordingly, for the reasons set forth herein, the Motion (doc. 16) shall be granted and the complaint shall be dismissed.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion to Dismiss (doc. 16) is GRANTED.

2.    The complaint is DISMISSED.

3.    The Clerk shall close the file on this case.

John E. Jones III
United States District Judge

11